**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MAURICE L. MACKEY,**

                **Plaintiff,**

   **vs.**                                              **Civil Action 2:06-CV-689
Judge Frost
Magistrate Judge King**

**JOHN P. LUSKIN,** *et al.***,**

                **Defendants.**

**REPORT AND RECOMMENDATION
AND
INITIAL SCREEN OF THE COMPLAINT**

Plaintiff, a state inmate, brings this action without prepayment of fees or costs. This matter is now before the Court for the initial screen of the sufficiency of the complaint required by 28 U.S.C. §§1915(e), 1915A.

Plaintiff brings this action against two (2) Ohio attorneys retained to represent plaintiff in his 1998 criminal prosecution as well as the Ohio State Bar Association. Plaintiff alleges that the attorneys failed to zealously represent him and that the defendant bar association "licensed [the attorneys], and thereby assumed their competence." *Complaint,* at p.2.[1] Plaintiff specifically alleges that his conviction was a direct consequence of his attorneys' ineffective representation of him, as conclusively established by the grant of a writ of habeas corpus under 28 U.S.C. §2254. *See Mackey v. Russell,* 148 Fed. Appx. 355 (6th Cir. 2005) (unpublished). Plaintiff seeks monetary damages.

Section 1983 of Title 42 to the United States Code creates a

---

[1] Plaintiff is mistaken in his allegation against the defendant state bar association. In Ohio, attorneys are licensed by the Ohio Supreme Court, *see Supreme Court Rules for the Government of the Bar,* not by this voluntary association of individuals.

remedy for the deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 157 n.5 (1978). The United States Supreme Court has held that attorneys who represent defendants in criminal cases -- whether appointed or retained -- do not act "under color of state law" for purposes of liability under 42 U.S.C. §1983. *Polk Cy. v. Dodson,* 454 U.S. 312 (1981). The complaint therefore fails to state a claim arising under Constitution or the laws of the United States.

Plaintiff also alleges that the defendant attorneys acted in breach of their contract with plaintiff when they failed to provide plaintiff with a proper defense. Claims for breach of contract arise under state law and are cognizable in federal court only when the claim arises between citizens of different states. *See* 28 U.S.C. §1332. Because all parties named in the complaint are citizens of Ohio, this court lacks diversity jurisdiction to entertain any state law claim.

It is therefore **RECOMMENDED** that the action be dismissed for failure to state a claim and for lack of jurisdiction.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas*

*v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


<u>August 16, 2006</u>                             *s/Norah McCann King*
                                    Norah McCann King
                                United States Magistrate Judge