IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MAURICE L. MACKEY,**

       **Plaintiff,**

  vs.                                    **Civil Action 2:06-CV-689**
                                                    **Judge Frost**
                                                    **Magistrate Judge King**

**JOHN P. LUSKIN,** *et al.***,**

       **Defendants.**


### OPINION AND ORDER

       Plaintiff, a state inmate, brings this action under 42 U.S.C. §1983 against two (2) Ohio attorneys retained to represent plaintiff in his 1998 criminal prosecution and against the Ohio State Bar Association. The complaint alleges that the two attorneys failed to zealously represent him, as evidenced by the issuance of a writ of habeas corpus by the United States Court of Appeals for the Sixth Circuit, *Mackey v. Russell,* 148 Fed. Appx. 355 (6th Cir. 2005) (unpublished), and that the defendant bar association "licensed [the two attorneys], and thereby assumed their competence." *Complaint,* at p.2. The complaint seeks only monetary damages. On August 17, 2006, the United States Magistrate Judge issued a *Report and Recommendation*, Doc. No. 5, recommending that the complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§1915(e), 1915A. This matter is now before the Court on plaintiff's objections to the *Report and Recommendation*, Doc. No. 6, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b).

       As the complaint relates to the two attorneys, the Magistrate Judge properly noted that attorneys – whether appointed or retained – do not act under color of state law for purposes of §1983. *See Polk County*

*v. Dodson*, 454 U.S. 312 (1981). Although plaintiff disagrees with this statement of the law, this Court is bound by the clear resolution of this issue by the United States Supreme Court.[1]

The complaint also alleges that the defendant bar association is liable to plaintiff for having "licensed" the attorneys. The *Report and Recommendation* properly noted that it is the Ohio Supreme Court, not the Ohio State Bar Association, that licenses Ohio attorneys. *Report and Recommendation* at p.1 n.1. *See* Ohio Const., Art. IV, §2(B)(1)(g); Ohio Gov. Bar R. I. In his objections, plaintiff now attempts to modify his allegations against this defendant, focusing on the role that Ohio bar associations sometimes play in the investigation of disciplinary matters: "If allowed to proceed, this action will show that the bar had plenty of opportunities to properly discipline these two attorneys, and out of utter disregard failed to reign in an attorney who has multiple instances of sub-par performance. That would have, and should have, resulted in their being disbarred." *Plaintiff's Objections*, at p.2.

The allegations of a complaint may not properly be amended in objections to a *Report and Recommendation*. In any event, however, plaintiff's new allegations will not permit the action to proceed.

It is true that, under certain circumstances, bar associations in Ohio are conferred with the authority to participate in the imposition of discipline against attorneys who fail to abide by the standards of practice established by the Ohio Supreme Court. *See* Ohio Gov. Bar R. V.

---

[1] Noting that the complaint also alleges that the attorneys acted in breach of their contract with plaintiff, the *Report and Recommendation* also reasoned that, because all named parties are alleged to be residents of Ohio, the Court also lacks diversity jurisdiction over any state law claim. *Report and Recommendation*, at p. 2. In his objections, plaintiff makes clear that he does not intend to pursue any state law claim. *Plaintiff's Objections* at p. 4. Under these circumstances, the Court will not further consider any issue relating to any state law claim.

However, the United States Court of Appeals for the Sixth Circuit has expressly held that bar associations are immune from monetary liability under §1983 in connection with such quasi-judicial actions because, in taking such actions, "they acted as arms of the Supreme Court for which the court and its justices are immune." *Berger v, Cuyahoga County Bar Ass'n.*, 983 F.2d 718, 722 (6th Cir. 1993); *see also Bailey v. Columbus Bar Ass'n.*, 25 Fed. Appx. 225 (6th Cir. 2001)(unpublished). Because the complaint, which seeks only monetary damages, "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C.§§ 1915(e)(2)(B)(iii); 1915A(b)(2), the claim against the defendant bar association - even as modified - cannot proceed.

In short, the Court concludes that plaintiff's objections to the *Report and Recommendation* are without merit and they are therefore **DENIED**. The *Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**.

This action is hereby **DISMISSED** pursuant to the provisions of 28 U.S.C. §§1915(e),1915A.

The Clerk shall enter **FINAL JUDGMENT** in this action.

Moreover, the Court concludes that an appeal from the judgment entered in this action would not be taken in good faith.

       /s/ Gregory L. Frost
         Gregory L. Frost
    United States District Judge

3